NEW-YORK,<br>May, 1819.

OVERSEERS OF<br>AUGUSTA<br>v.<br>OVERSEERS OF<br>PARIS.

---

The Overseers of the Poor of the Town of AUGUSTA *against* The Overseers of the Poor of the Town of PARIS.

IN ERROR, on *certiorari* to the Court of General Sessions of the Peace, of the county of *Oneida*.

*Ruth Gilbert*, and the six infant children of herself, and her husband, *John Gilbert*, were removed, by an order of two Justices, dated the 5th of *February*, 1817, from the town of *Paris* to the town of *Augusta*, which order adjudicated the

If under a parol contract for the sale of land, a part, amounting to seventy-five dollars, of the consideration, be paid by the purchaser, but no title is given, or possession taken by him, this is not such a purchase of an estate as will gain a settlement.

It *seems*, that the equitable estate acquired by the purchase of land for seventy-five dollars, and actual payment of the whole consideration, although no deed is given to pass the legal title, will gain a settlement.

NEW-YORK,  settlement of the paupers to be in the latter town.  The
May, 1819.  overseers of the town of *Augusta* appealed from the order,
OVERSEERS OF  to the Court of Sessions of the county of *Oneida*, where it
AUGUSTA  was affirmed.  On the hearing of the appeal, *Caleb Gardiner,*
v.  the only witness sworn, testified, that *John Gilbert,* the hus-
OVERSEERS OF  band of *Ruth Gilbert* the pauper, contracted with him by
PARIS.  parol, for twenty acres of land in *Augusta,* and paid, towards
the land, a cow valued at 25 dollars, another cow valued at
20 dollars, and certain promissory notes, for something more
than 40 dollars, which were duly paid.

The case on the return, was submitted to the Court,
without argument.

SPENCER, Ch. J. delivered the opinion of the Court.
It does not appear that any deed was given by *Gardiner* to
*Gilbert,* nor whether *Gilbert* occupied the land, nor what the
entire price of the land was.  It may fairly be presumed,
that the consideration for the land exceeded the payments
made, from the fact that no deed was given, and that the
witness speaks of the payments as being made towards the
land.  In the case of *Schaghticoke* v. *Brunswick,* (14 *Johns.
Rep.* 260.) we decided, that the mere contract for the pur-
chase of an estate, was not sufficient for the acquiring a set-
tlement by this mode, and that, although the statute makes
use of the term purchaser, it necessarily implies that a
title must be given.  In the case of *Whitestown* v. *Consta-
ble,* (14 *Johns. Rep.* 469.) the question, as to the kind of
purchaser contemplated by the statute, came under ex-
amination again ; Mr. Justice *Van Ness,* who delivered the
opinion of the Court, explains, correctly, the meaning and
intention of the statute.  He says, an indefeasible equitable
interest has been considered sufficient to bring the purchase
within its provisions ; and that he can see no reason, why
an equitable interest acquired by a purchase, and payment
of 75 dollars, if it be clear and indisputable, should not give
a settlement under the statute ; and he seems to suppose,
that the payment of the whole consideration money, although
no deed was given, would be a purchase within the statute.

Here, however, it is not shown, that the whole conside-
ration money was paid, or that possession was taken of the
purchased land ; and this it was incumbent on the town of

*Paris* to have proved. For aught we know, the bargain was abandoned, from the inability of *Gilbert* to fulfill his contract. Where there has been no title acquired, a state of facts ought to be proved, clearly showing, that the purchaser acquired a clear equitable right to have the title perfected. The statute contemplates two things; the ability of the purchaser to pay ; and his actually paying 75 dollars, in order that the payment shall acquire to the purchaser an estate or interest in lands. In this last respect, the proof is manifestly defective.

NEW-YORK, May, 1819.

Order of Sessions reversed.